O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALTHEIA TAYLOR,** | ) NO. EDCV 09-404-MMM (MAN) |
| Plaintiff, | ) MEMORANDUM AND ORDER RE: MOTION TO |
| v. | ) DISMISS UNDER FED. CIV. P. 12(b)(5) |
| **SAN BERNARDINO COUNTY SHERIFFS, et al.,** | ) & (6) AND (e); SCREENING FIRST |
| | ) AMENDED COMPLAINT UNDER 28 U.S.C. § |
| **Defendants.** | ) 1915(e)(2) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint"), pursuant to 42 U.S.C. § 1983, on March 3, 2009. Plaintiff named as defendants San Bernardino County Sheriff's Department Deputies Kociski, Del Rose, Ficnol, Ant, and William Brook, in their individual and official capacities.

On March 6, 2009, the Court issued an Order re Civil Rights Case, which directed plaintiff to refrain from serving defendants with process while the Court was screening the complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff nevertheless served, or attempted to serve, the Complaint on some of the defendants. On April 8, 2009, the

1 Court ordered plaintiff to show cause for her failure to comply with
2 the Court's order.  The Court stayed defendants' time to respond to the
3 Complaint until after the Court determined that it survived screening.

5 Plaintiff filed a response in which she protested that a civil
6 window clerk (who apparently failed to notice the Court's order) told
7 her that she could proceed with service of process.  The Court
8 discharged the order to show cause, but cautioned plaintiff to desist
9 from any further attempts at service of process until given leave to
10 proceed by the Court.  (Minute Order dated April 16, 2009.)

12 On May 22, 2009, the Court dismissed the Complaint, with leave to
13 amend, pursuant to 28 U.S.C. § 1915(e)(2).  On June 17, 2009, plaintiff
14 filed a First Amended Complaint.  On July 9, 2009, before the Court had
15 completed screening the First Amended Complaint, San Bernardino County
16 ("County") and Deputies Kociski, Del Rose, Ficnol, Ant, and William
17 Brook filed a motion to dismiss the First Amended Complaint pursuant to
18 Rule 12(b)(5) & (6) and (e) of the Federal Rules of Civil Procedure
19 ("Motion").  On July 14, 2009, the Court vacated the hearing date and
20 set a briefing schedule.  On August 7, 2009, plaintiff filed an
21 Opposition to the Motion.  On August 17, 2009, defendants filed a
22 Reply.

24 The Motion is submitted and ready for decision.

26 **MOTION**

28 Defendants have moved to dismiss the First Amended Complaint on

2

the following grounds: (1) plaintiff failed to serve defendants with process in accordance with Rule 4 of the Federal Rules of Civil Procedure (Rule 12(b)(5)); (2) the First Amended Complaint fails to state a claim against Deputy William Brook and defendants in their official capacities (Rule 12(b)(6)); and (3) the First Amended Complaint is vague and ambiguous, and plaintiff should be ordered to provide a more definite statement (Rule 12(e)).

**DISCUSSION**

**I.  DEFENDANTS' RULE 12(B)(5) MOTION IS GRANTED IN PART AND DENIED IN PART.**

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. When a defendant challenges the sufficiency of service, plaintiff bears the burden of establishing that service was valid under Rule 4 of the Federal Rules of Civil Procedure. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.. 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987). "[W]ithout substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, 840 F.2d 685, 688 (9th Cir. 1988)(internal quotation marks and citations omitted). If the plaintiff is unable to satisfy her burden of showing service in compliance with Rule 4, the court has discretion either to dismiss the

3

action or to retain the action and quash the service of process. *See* Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that: "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (*emphasis added*). Thus, Rule 4 does not permit the service of process by a party to the action.

The Federal Rules of Civil Procedure also permit service to be effectuated pursuant to state law. Fed. R. Civ. P. 4(e)(1). Under California law, "[a] summons may be served by any person who is at least 18 years of age and *not a party to the action*." Cal. Civ. Proc. Code § 414.10 (*emphasis added*). Thus, California law, like federal law, does not permit a plaintiff or other party to the action to serve defendant with the summons and complaint.

Defendants contend that plaintiff failed to comply with Rule 4, because she served the First Amended Complaint and summons herself. (Motion at 3.) Daniel Garcia, a Sheriff's Civil Liabilities Investigator, declares that, on June 19, 2009, he was notified by the receptionist in the Civil Liabilities Department that an individual wanted to serve a First Amended Complaint and summons. (Declaration of Daniel Garcia, dated July 8 [no year] ("Garcia Decl. I") ¶ 2.) He went to the reception area and asked the woman serving the documents to identify herself. (*Id*. at ¶ 3.) She refused and claimed to be a friend of plaintiff Altheia Taylor. (*Id*.) Garcia accepted service, then returned to his office and pulled out plaintiff's most recent

4

booking photograph. (*Id.* at ¶ 4.) According to Garcia, plaintiff's photograph confirmed that the woman who served the summons and First Amended Complaint was plaintiff. (*Id.* at ¶ 3.)

Plaintiff has not filed a proof of the service of summons and First Amended Court with the Court. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). However, in her Opposition, she does not contest that, on June 19, 2009, she personally served the First Amended Complaint and summons. She acknowledges that she should not have done so, and she sets forth the difficulties she encountered in attempting to serve defendants.[1] (Opposition at 2, 3, 6.)

However, while this Motion was pending, plaintiff made another attempt to serve the First Amended Complaint and summons. (Reply at 1-2.) In a second declaration submitted in support of defendants' Reply, Garcia declares that, on July 29, 2009, he was notified that an individual wanted to serve a summons and First Amended Complaint. (Declaration of Daniel Garcia, dated August 17, 2009 ("Garcia Decl.

---

[1] Plaintiff declares that, on June 17, 2009, she and a man named Michael Salandy tried to serve the "Sheriff's Office" at the Glen Helen Rehabilitation Center, but the Sheriffs "threw the papers back" at them. (Declaration of Altheia Taylor, dated August 7, 2009 ("Taylor Decl.") ¶ 2.) Plaintiff and Salandy went to the West Valley Detention Center to serve Deputies Del Rose and William Brooks, but their efforts were to no avail. (*Id.* at ¶ 3.) They went to the San Bernardino courthouse and tried to serve Deputy Ficnol, but "the deputy threw [plaintiff] out of the courtroom." (*Id.* at ¶ 4.) They went to two more courtrooms in an unsuccessful effort to learn how they should go serve defendants. (*Id.* at ¶ 5.) Eventually, the Public Defender's Office directed them to the Sheriff's Department, which directed them to its human resources department. (*Id.*) On June 19, 2009, they went to the human resources department and dropped off the papers there. (*Id.*)

5

II") ¶ 2.) Garcia accepted service on behalf of the San Bernardino County Sheriff's Department. (*Id.* at ¶ 3.) He did not, however, accept service on behalf of defendants Deputies Kociski, Del Rose, Ant, Ficnol, or Brook. (*Id.* at ¶ 4.)

In his second declaration, Garcia does not identify the individual who served the First Amended Complaint and summons on July 29, 2009. As noted before, plaintiff did not file a proof of service with the Court. However, defendants do not contend that plaintiff herself served the First Amended Complaint and summons on July 29, 2009, as she did on June 19, 2009. (Reply at 1-2.) Moreover, defendants concede that, on July 29, 2009, plaintiff served the County with the First Amended Complaint and summons, and the validity of that service is not contested. (*Id.* at 2.) *See* Knight v. Browne, 2007 WL 2900279, *5 (W.D. Wash., Oct. 2, 2007)(plaintiff improperly served the complaint and summons himself, but cured the defect through subsequent service by a third party).

The Court notes that the County is not, in fact, a named defendant in this action. However, plaintiff sued Deputies Kociski, Del Rose, Ficnol, Ant, and Brook in both their official and individual capacities, and plaintiff's claims against the deputies in their official capacities are equivalent to a claim against the County. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2036 n.55 (1978). Plaintiff has not, however, established valid service of process on the defendant Deputies in their individual capacities. *See* Daly-Murply v.

6

Winston, 837 F.2d 348, 355 (9th Cir. 1987)(service on authorized agent at veterans administration medical center was sufficient to serve medical center supervisors in their official capacities but not in their individual capacities). Garcia declares that he did not accept service on the individual Deputies' behalf, and there is nothing before the Court showing otherwise.

Plaintiff, therefore, has not met her burden of showing that she served defendants Kociski, Del Rose, Ficnol, Ant, and Brook, in their individual capacities, in accordance with Rule 4(m). Accordingly, the Court GRANTS defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(5), as to defendants Kociski, Del Rose, Ficnol, Ant, and Brook, in their individual capacities, and quashes the service on them. Because the County has accepted service of the First Amended Complaint and summons, the Court DENIES defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(5), with respect to the County.

## II. THE COURT DISMISSES THE FIRST AMENDED COMPLAINT PURSUANT TO THE SCREENING PROVISIONS OF 28 U.S.C. § 1915(E)(2).

Congress has mandated that courts perform an initial screening of *in forma pauperis* actions. A federal court "shall dismiss" an *in forma pauperis* civil rights action "at any time" if it concludes that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *see also* Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000)("The PLRA [Prison Litigation Reform Act] provides that a district court 'shall dismiss' an in forma pauperis complaint that

7

fails to state a claim. So even if a 12(b)(6) motion is made, that does not relieve the district court of its duty to follow the PLRA."). Thus, despite defendants' filing of the Motion, the Court is required to screen the First Amended Complaint.

### A. Applicable Standards

In screening a *pro se* complaint, the Court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. *See* Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Id.*; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. The Allegations Of The First Amended Complaint

The Court will summarize plaintiff's factual allegations pertaining to the named defendants. The First Amended Complaint also contains extraneous allegations regarding plaintiff's criminal proceedings, which are not pertinent to plaintiff's claims.

After plaintiff was arrested and transported to the West Valley Detention Center, she refused to sign a receipt purporting to list the property taken from her, because it did not include her cellular phone, airline ticket to Texas, and $300 in cash. (First Amended Complaint at 9.) Deputy Del Rose told plaintiff to shut up, and Del Rose and four other deputies jumped on plaintiff and threw her into a room. (*Id.* at

9-10.)  Plaintiff complained about the pain, but Del Rose told her to be quiet, and Del Rose and the other deputies bent plaintiff's fingers back, twisted her arms, and ground their knees into her back.  (*Id.* at 10.)  They then left her in a cell for six hours.  (*Id.*)  Plaintiff's arm turned black and blue and filled with fluid.  (*Id.*)

Sometime in June 2008, Deputy Kociski woke plaintiff to go to court.  (First Amended Complaint at 13.)  When Deputy Kociski pulled plaintiff's arms above her head, Plaintiff told the deputy to stop, because her arm was still filled with fluid due to the prior assault.  (*Id.*)  Deputy Kociski strip-searched plaintiff and handcuffed her.  (*Id.*)  Plaintiff told her that the handcuffs were painful, but Deputy Kociski ignored her and put her in a holding tank.  (*Id.*)

Plaintiff remained in the holding tank for four to six hours.  (First Amended Complaint at 14.)  She pounded on the walls and doors, asking the deputies to come and adjust the handcuffs.  (*Id.*)  Plaintiff heard an unidentified deputy ask Deputy Kociski to re-handcuff plaintiff, but Deputy Kociski refused.  (*Id.*)  Plaintiff's arms became numb from the pain.  (*Id.*)  Eventually Deputy William Brook came and removed the handcuffs.  (*Id.* at 4, 14.)  By that time, plaintiff's hands and lower arms were black and blue and swollen.  (*Id.* at 14.)

On July 1, 2008, during plaintiff's court proceedings, she raised her hand and asked the judge to be released on her own recognizance so that she could get her car from the impound.  (First Amended Complaint at 12.)  Deputy Ficnol snatched plaintiff's right arm and dragged her out of the courtroom, ignoring her complaints that her arm was bruised

and painful. (*Id.*)

After plaintiff had been sentenced and was on probation, she found a job at Macy's. (First Amended Complaint at 11.) Because the job required her to work weekends, she went to the Glen Helen Rehabilitation Center to request an accommodation for her work furlough program. (*Id.*) She was explaining the matter to Deputy Ant when he violently threw her down on the floor and arrested her. (*Id.*)

Plaintiff seeks damages. (First Amended Complaint at 15.)

C.   **Plaintiff's Claims Against Defendants**

The Court construes the First Amended Complaint to assert excessive force claims against defendants Kociski, Del Rose, Ant, Ficnol, and Brook, in their individual and official capacities.[2] Plaintiff's excessive force claims arise under the Eighth and

---

[2] Plaintiff also contends that two unidentified San Bernardino County Sheriff's Department personnel subjected her to impermissible searches. First, plaintiff alleges that, on December 12, 2008, a Sheriff's Department matron subjected her to a strip search even though there was no reason to suspect her of concealing weapons or contraband. (First Amended Complaint at 8.) Second, plaintiff alleges that, on December 18, 2008, she was searched by a male deputy. (*Id.*) These allegations do not give rise to claims against any of the defendant deputies, because plaintiff does not allege that they were involved in the searches at issue. Although plaintiff mentions that Deputy Kociski strip-searched her (First Amended Complaint at 13), plaintiff is not contesting the constitutionality of that search.

In addition, plaintiff complains that the prosecutor continued with plaintiff's criminal proceedings even though plaintiff was not present in the courtroom and that the prosecutor did not take any action against the deputies who had hurt plaintiff. (First Amended Complaint at 7.) This allegation does not give rise to any Section 1983 claim against the defendant deputies.

Fourteenth Amendments, depending on her status at the time of the various incidents.[3]

### 1. **Plaintiff's Excessive Force Claims Against Deputies Kociski, Del Rose, Ant, and Ficnol Withstand Screening**.

At this early stage of the action, the Court concludes that plaintiff's excessive force claims against defendants Kociski, Del Rose, Ant, and Ficnol, in their individual capacities, withstand screening.

Since, for the reasons discussed below, the Court is dismissing the First Amended Complaint, plaintiff must reallege her excessive force claims against defendants Kociski, Del Rose, Ant, and Ficnol, along with the factual allegations on which those claims rest, in her Second Amended Complaint in order to pursue these claims. Plaintiff is also reminded that she must include the names of defendants Kociski, Del Rose, Ant, and Ficnol in the caption of the Second Amended Complaint.

---

[3] Claims for excessive force in an arrest, investigatory stop, or other seizure of a free person must be brought under the Fourth Amendment and analyzed under its objective "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68 (1989). The Due Process Clause of the Fourteenth Amendment governs excessive force claims brought by pretrial detainees. *Id.* at 395 n.10, 109 S. Ct. at 1871 n.10; Bell v. Wolfish, 441 U.S. 520, 535-39, 99 S. Ct. 1861, 1871-74 (1979). After conviction, the Eighth Amendment protects prisoners from the use of excessive force. Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 1412 n.40 (1977). Here, plaintiff does not assert a claim for excessive force during her arrest; she contends that defendants used excessive force against her while she was a pretrial detainee and after her conviction.

2. **Plaintiff Fails To State A Claim Against Deputy William Brook**.

Section 1983 provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. As defined by the courts, a person "subjects" another to the deprivation of a constitutional right, within the meaning of Section 1983, if he or she does an affirmative act, participates in another's affirmative act, or omits to perform an act which he or she is legally required to do that causes the complained-of deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff seeks to hold Deputy Brook liable for the injuries she suffered when she allegedly was kept for four to six hours in painful handcuffs. (First Amended Complaint at 13-14.) Plaintiff has alleged a claim on this basis against Deputy Kociski, who handcuffed plaintiff and, according to the First Amended Complaint, refused to adjust the handcuffs even though the deputy knew they were causing plaintiff pain. (*Id.*) However, the First Amended Complaint contains no comparable allegations about Deputy Brook. Plaintiff does not allege that Deputy Brook handcuffed her, or that he knew her handcuffs were painful and refused to loosen them. (*Id.*) Plainly merely alleges that Deputy Brook removed the handcuffs. Absent allegations that Deputy Brook was aware of plaintiff's pain for a substantial period of time before he removed her handcuffs, plaintiff has not alleged a basis

12

for liability against him.

Plaintiff's claims against defendant William Brook, therefore, must be dismissed.

### 3. **Plaintiff Fails To State A Claim Against The County Or Defendants In Their Official Capacities**.

Plaintiff has sued defendants in their official as well as individual capacities. (First Amended Complaint at 2-4.)

As previously explained, an official capacity claim is merely another way of pleading a claim against the governmental entity of which the official is an agent. *See* Will, 491 U.S. at 71, 109 S. Ct. at 2312; Monell, 436 U.S. at 690 n.55, 98 S. Ct. at 2035 n.55. Thus, plaintiff's official capacity claims against defendants Kociski, Del Rose, Ant, Ficnol, and Brook are actually claims against the County.

A local governmental entity such as the County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38. Thus, the County is not liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that

13

body's officers," or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690-91, 98 S. Ct. at 2035-36; *see also* Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Plaintiff has not alleged that the defendant deputies used excessive force against her pursuant to a County policy, custom, or practice. *See* Monell, 436 U.S. at 690-91, 694, 98 S. Ct. at 2035-36, 2037-38; Karim-Panahi, 839 F.2d at 624. Plaintiff, therefore, has not alleged a claim against the County or against defendants in their official capacities.

Plaintiff's claims against the County and defendants in their official capacities, therefore, must be dismissed.

***********************

Accordingly, based on the Court's screening pursuant to 28 U.S.C. § 19159e)(2), the Court dismisses the First Amended Complaint, with leave to amend.

///
///
///
///

**III. DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6) AND RULE 12(e) IS MOOT.**

1  The Court's dismissal of the First Amended Complaint, pursuant to
2 the screening provisions of 28 U.S.C. § 1915(e)(2), moots defendants'
3 motion to dismiss pursuant to Rule 12(b)(6), as well as defendants'
4 motion for a more definite statement pursuant to Rule 12(e). Thus, to
5 the extent the Motion is made under Rule 12(b)(6) and (e), it is denied
6 as moot.

**ORDER**

10  IT IS HEREBY ORDERED that:

12  Defendants' motion to dismiss, pursuant to Rule 12(b)(5) and (6)
13 and Rule 12(e) of the Federal Rules of Civil Procedure, is GRANTED IN
14 PART and DENIED IN PART as follows:

16  (1) Defendants' Rule 12(b)(5) motion is GRANTED as to defendants
17 Kociski, Del Rose, Ficnol, Ant, and Brook, in their individual
18 capacities, and DENIED as to San Bernardino County; and

20  (2) Defendants' Rule 12(b)(6) and Rule 12(e) motions are DENIED as
21 moot.

23  The First Amended Complaint is dismissed pursuant to 28 U.S.C. §
24 1915(e)(2). If plaintiff wishes to pursue this action, she is granted
25 thirty (30) days from the date of this Memorandum and Order within
26 which to file a Second Amended Complaint that attempts to cure the
27 defects in the First Amended Complaint described herein. The Second
28 Amended Complaint, if any, shall be complete in and of itself. It

15

1 shall not refer in any manner to the original Complaint or the First
2 Amended Complaint.  **Plaintiff may not add new claims or new defendants**
3 **without obtaining prior leave of court.  Fed. R. Civ. P. 15(a).**
4
5      **Plaintiff is explicitly cautioned that failure to timely file a**
6 **Second Amended Complaint, or failure to correct the deficiencies**
7 **described herein, may result in a recommendation that this action be**
8 **dismissed pursuant to Fed. R. Civ. P. 41(b).**
9
10 DATED: October 19, 2009.
11
12                                        /s/ Margaret A. Nagle
13                                        MARGARET A. NAGLE
                                          UNITED STATES MAGISTRATE JUDGE